**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATT MEDOFF, | Case No. 2:17-CV-2072 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| COUNTY OF CLARK, et al., | |
| Defendant(s). | |

Presently before the court is defendants David Gibson, Elizabeth Gonzalez, Steve Grierson, and Ed May's (collectively, "the state defendants") motion to dismiss. (ECF No. 9). Plaintiff Matt Medoff filed a response (ECF No. 16), to which the state defendants replied (ECF No. 23).

Also before the court is defendant Clark County's motion to dismiss. (ECF No. 13). Plaintiff filed a response (ECF No. 16), to which Clark County replied (ECF No. 25).

Also before the court is Clark County's stipulation for extension of time to file a reply in support of its motion to dismiss. (ECF No. 21).

## I. Introduction

The instant action considers whether defendants afforded plaintiff adequate process under the due process clause of the Fourteenth Amendment during employment termination proceedings.

The Eighth Judicial District Court employed plaintiff as a post-probationary administrative deputy marshal. (ECF No. 1). On May 2, 2016, plaintiff "was involved [as a private citizen] in an off-duty incident [with the LVMPD]." *Id.* The complaint relates the incident to an alleged relationship between plaintiff and a female deputy district attorney. *Id.*

On October 6, 2016, plaintiff received notice that his employer had placed him on administrative leave, pending termination, due to the incident. *Id.* The notice listed six grounds for termination:

1. That [plaintiff] refused to answer the door of the home he was staying in as a guest after LVMPD officers knocked and announced their presence;
2. [Plaintiff] was dishonest with LVMPD dispatchers when he claimed he did not know LVMPD was outside;
3. [Plaintiff] was dishonest to Internal Affairs when claiming that he was simply friends with a female Deputy District Attorney;
4. [Plaintiff] engaged in impropriety and/or the appearance of impropriety by being in a relationship beyond friendship with a female Deputy District Attorney;
5. [Plaintiff] engaged in conduct unbecoming an employee by arguing with 911 dispatchers, failing to contact responding LVMPD officers, and failing to disclose his relationship with the female Deputy District Attorney; and
6. [Plaintiff] neglected his duty by submitting a report regarding the events of May 2, 2016 which was incomplete and insufficient.

*Id.*

On October 20, 2016, plaintiff attended a pretermination hearing in front of discovery commissioner Bonnie Bulla. *Id.* The purpose of the hearing was to determine whether defendants could terminate plaintiff for cause based on the May 2, 2016 incident. *Id.* Bulla determined that sufficient evidence supported discipline for violating the off duty incidents policy (by failing to make himself available to responding LVMPD officers) and for conduct unbecoming an employee (by not contacting responding LVMPD officers). *Id.* Bulla opined that these violations alone did not constitute a sufficient basis to terminate plaintiff's employment. *Id.*

On November 2, 2016, defendant Grierson, the court executive officer, adopted the findings of the pretermination hearing. *Id.* On November 8, 2016, Grierson sent plaintiff an email stating that the court terminated plaintiff's employment, effective November 2, 2016. *Id.*

On February 2, 2017, plaintiff attended a post-termination hearing in front of defendant Gibson, serving in his capacity as a hearing master. *Id.* Gibson permitted defendants to put on evidence regarding the charges that Bulla determined at the pre-termination hearing were unsupported. *Id.* On May 17, 2017, Gibson upheld plaintiff's termination for just cause, finding

that plaintiff was dishonest and had committed many of the charges.[1] *Id.* Defendants adopted Gibson's findings and upheld their termination of plaintiff. *Id.*

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

---

[1] The complaint does not detail exactly which charges Gibson found that plaintiff committed. *See* (ECF No. 1).

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Defendants assert that plaintiff's complaint fails to state a procedural due process violation, that certain defendants did not personally participate in any alleged violations, that defendants are subject to qualified immunity, and that Clark County is not the relevant employer for purposes of § 1983 liability. (ECF Nos. 9, 13). The court will first consider whether plaintiff's complaint states a claim for violation of his right to procedural due process.

The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process. To prevail on a § 1983 procedural due process claim, a plaintiff must show: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of that interest by the government; and (3) a lack of process. *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). State law is the source for determining the constitutionally cognizable property interest; the due process clause does not create substantive rights in property. *See id.*; *see also Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998).

"Notice and a meaningful opportunity to be heard are the hallmarks of procedural due process." *Ludwig v. Astrue*, 681 F.3d 1047, 1053 (9th Cir. 2012) (quotation marks and alterations omitted) (quoting *Guenther v. Comm'r*, 889 F.2d 882, 884 (9th Cir. 1989). The Supreme Court has repeatedly recognized, however, that "the Government has a much freer hand in dealing 'with citizen employees than it does when it brings its sovereign power to bear on citizens at large.'" *NASA v. Nelson*, 131 S.Ct. 736, 757-58 (2011) (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 598 (2008). "This distinction is grounded on the 'common-sense realization' that if every employment decision become a constitutional matter, the Government could not function." *Id.*

(quotation marks omitted) (quoting *Connick v. Myers*, 461 U.S. 138, 143 (1983)); *see also Bishop v. Wood*, 426 U.S. 341, 350 (1976) ("The Due Process Clause . . . is not a guarantee against incorrect or ill-advised personnel decisions.").

Defendants do not dispute that plaintiff had a property interest in his employment that was protected by the due process clause of the Constitution. Defendants assert that plaintiff was afforded pre and post-termination hearings that satisfied the Fourteenth Amendment's due process requirement. (ECF No. 9).

Plaintiff argues that the pretermination hearing was "not meaningful," and violated his right to due process. (ECF No. 16). "Pretermination 'hearing[s],' though necessary, need not be elaborate." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985). Pretermination hearings "should be an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id.* at 545–46. The hearing must afford the aggrieved employee "notice and an opportunity to respond." *Id.* at 546. "To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." *Id.*

Here, plaintiff's complaint does not state a claim for a due process violation based on the pretermination hearing. *See id.* at 545–46. The complaint does not allege that defendants failed to afford plaintiff notice or an opportunity to respond to the listed grounds supporting termination. *See* (ECF No. 1). Plaintiff has not demonstrated that the pretermination hearing in this case violated his right to due process.

Plaintiff notes that Gibson's post-termination findings did not coincide with Bulla's pre-termination hearing findings. Plaintiff asserts that the pre-termination hearing was thus "not meaningful." (ECF No. 16). As defendants note, if the court were to adopt plaintiff's standard, then the post-termination presiding party would be bound by the findings made at the pre-termination hearing. (ECF No. 23). "That would defeat the entire purpose behind having separate pre- and post-termination hearings," *id.*, and would render the post-termination hearing a "sham." Further, as the court noted in *Loudermill*, post-termination hearings are often more extensive in

scope than pretermination hearings, *see* 470 U.S. at 545–47, a fact that counsels against plaintiff's proposed rule that the presiding party at a post-termination hearing must adopt the findings made at the pretermination hearing.

Plaintiff asserts that the post-termination hearing violated his right to due process because hearing master Gibson was an at-will employee of the Eighth Judicial District Court and thus could not serve as an unbiased presiding party. (ECF No. 16). Defendants argue that Gibson's employment by the Eighth Judicial District Court did not compromise his ability to be impartial, and that plaintiff has not provided any evidence that Gibson was in fact biased towards a particular outcome. (ECF Nos. 9, 23).

"[A] fair trial in a fair tribunal is a basic requirement of due process." *Withrow v. Larkin*, 421 US. 35, 46 (1975) (internal quotation marks omitted). Where a plaintiff demonstrates actual bias or shows that "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable," a due process claim will lie. *Id.* at 47.

Defendants assert that Gibson is entitled to a "presumption of honesty and integrity." (ECF No. 23). This language stems from the Supreme Court decision in *Hortonville Joint School District Number 1 v. Hortonville Education Association*, 426 U.S. 482 (1976). In *Hortonville*, a school board conducted disciplinary hearings of teachers engaging in a strike. *Id.* at 484–85. After the hearings, the board terminated the teachers' employment. *Id.*

The teachers in *Hortonville* filed suit, alleging, *inter alia*, that the teachers' right to due process was violated by the board conducting hearings because the board could not have been an impartial decisionmaker. *Id.* at 489. The Court disagreed, holding that "[r]espondents . . . failed to demonstrate that the decision to terminate their employment was infected with the sort of bias that we have held to disqualify other decisionmakers as a matter of federal due process." *Id.* at 496. The Court noted that the defendants did not have "the kind of personal or financial stake in the decision that might create a conflict of interest, and there is nothing in the record to support charges of personal animosity." *Id.* at 492.

Here, plaintiff's complaint does not contain substantive allegations that Gibson, the hearing officer, was biased in a manner that would disqualify him as a matter of federal due process from

James C. Mahan
U.S. District Judge

presiding over plaintiff's hearing.[2] *See id.* Plaintiff's argument that Gibson was biased is based solely on Gibson's at-will employment relationship with the Eighth Judicial District Court. *See* (ECF No. 1). This is not sufficient to state a procedural due process violation. *See Hortonville*, 426 U.S. at 496.

Plaintiff cites *Levine v. City of Alameda*, 525 F.3d 903, 906 (9th Cir. 2008), for the proposition that plaintiff was entitled to a hearing before a neutral third party. (ECF No. 16). In *Levine*, plaintiff's employer did not provide plaintiff with a pre or post-termination hearing. 525 F.3d at 905. The court held that failure to provide plaintiff a hearing violated his due process rights. *Id.* at 906.

In *Levine*, the court stated that "for post-termination hearings an impartial decisionmaker is required."[3] *Id.* The district court had found that "persons working for the City would not be sufficiently neutral in this case after the extensive litigation between the City and [plaintiff]." *Id.* The court held that "[i]t was not improper for the district court to order that [a substituted post-termination hearing] be held before a neutral third-party." *Id.*

Here, unlike in *Levine*, plaintiff's complaint does not contain any specific allegations of partiality. *See* (ECF No. 1). Further, plaintiff does not argue that he was refused the opportunity to attend the hearing or present evidence on his behalf. Accordingly, the complaint does not raise constitutional due process concerns as related to the post-termination proceedings. *See Levine*, 525 F.3d at 906.

Plaintiff's complaint does not state a claim upon which relief can be granted, as plaintiff's complaint does not demonstrate that defendants violated his right to due process when the Eighth

---

[2] As defendants accurately note in their reply, for purposes of a motion to dismiss, the court must consider whether plaintiff's complaint plausibly states a claim upon which relief can be granted. (ECF No. 23). Arguments made in a responsive pleading do not suffice to "add" substantive allegations to a complaint. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

[3] As defendants note, this standard is different from plaintiff's proposed standard, that hearings *must* be conducted by neutral *third parties*. (ECF No. 23). Nothing in *Levine* contradicts the proposition that, absent a showing of bias, an employer or its agent can serve as a neutral decisionmaker.

**James C. Mahan**
**U.S. District Judge**

Judicial District Court terminated his employment.  In light of the foregoing, the court need not consider defendants' alternative arguments for dismissal.

### IV. Conclusion

The court will dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the state defendants' motion to dismiss (ECF No. 9) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that Clark County's motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that Clark County's stipulation for extension of time (ECF No. 21) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITH PREJUDICE.

The clerk shall enter judgment accordingly and close the case.

DATED March 19, 2018.

_____
UNITED STATES DISTRICT JUDGE